

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL & REBECCA GUTHRE, h/w** <br><br> Plaintiffs <br><br> vs. <br><br> **NCO FINANCIAL SYSTEMS, INC.** <br> and <br><br> **CAPITAL ONE SERVICES LLC** <br> **Defendants** | Case Number <br><br> **09** 3136 <br> CIVIL COMPLAINT <br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiffs, Michael & Rebecca Guthre, h/w by and through their undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiffs, Michael & Rebecca Guthre, h/w, are adult natural persons and bring this action for actual and statutory damages and other relief against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa. C.S. §2270.1 et seq. ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law,

73 Pa. C.S. §201-1 et seq., all of which prohibit debt collectors and/or creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendants transact business in the Commonwealth of Pennsylvania the Plaintiffs reside in this District.

## III. PARTIES

4. Plaintiffs, Michael & Rebecca Guthre, h/w, are adult natural persons residing at 171 Wrenfield Way, Harleysville PA 19438.

5. Defendant, NCO Financial Systems, Inc. ("NCO"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 507 Prudential Road, Horsham PA 19044.

6. Defendant, Capital One Services LLC, a Delaware Limited Liability Company ("Capital One"), which is a wholly owned subsidiary of Capital One, National Association, has a principal place of business located at 1680 Capital One Drive, McLean VA 22101 and is a creditor.

7. Defendant, NCO is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts

alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. **FACTUAL ALLEGATIONS**

8. On or about May 8, 2009, Plaintiffs began to receive a series of abusive and harassing telephone communications from Defendant, NCO with regard to an alleged consumer debt, namely a Capital One credit card.

9. Defendant, NCO, by and through its agents, called Plaintiffs everyday, multiple times per day.

10. Plaintiff, Rebecca Guthre spoke to Defendant, NCO's agents on May 7th, May 9th, May 12th, May 13th, May 14th, May 22nd and May 23rd of 2009.

11. Defendant, NCO, by and through its agents, would call between 10-20 times per day.

12. On or about May 26, 2009, Plaintiff, Rebecca Guthre was informed by her brother, Daniel Snook that Defendant, NCO had called him on the telephone looking for Plaintiffs and had specified that they were collecting a debt.

13. Plaintiff, Rebecca Guthre's parents also informed her that Defendant, NCO was contacting them in reference to the alleged debt at the same time.

14. Plaintiff, Rebecca Guthre called Defendant, NCO back at the number given to her brother, Daniel Snook. Mrs. Guthre expressed her dismay to Defendant, NOC's agent, who transferred her to a supervisor with Defendant, Capital One.

15. Defendant, Capital One's supervisor, Jesse, who provided Plaintiff, Rebecca Guthre with Manager # HHO110, apologized and acknowledged the fact that

Defendant, NCO had "gone over the line". Jesse asked Mrs. Guthre for her brother's number and promised to remove it from their system.

16. Additionally, Defendant, Capital One's supervisor, Jesse indicated that he would request that Defendant, NCO cease the excessive telephone calls to Plaintiffs number.

17. On May 27, 2009, Defendant, NCO, by and through its agents, called Plaintiffs' telephone 12 times as follows: 8:02 a.m., 9:12 a.m., 9:21 a.m., 12:58 p.m., 1:15 p.m., 5:15 p.m., 6:07 p.m., 6:33 p.m., 7:16 p.m., 7:48 p.m., 8:28 p.m. and 8:54 p.m.

18. On May 28, 2009, Defendant, NCO, by and through its agents, called Plaintiffs' telephone 22 times as follows: 8:09 a.m., 8:43 a.m., 8:44 a.m., 9:02 a.m., 9:40 a.m., 10:03 a.m., 10:14 a.m., 10:51 a.m., 10:52 a.m., 11:32 a.m., 12:49 p.m., 2:04 p.m., 4:08 p.m., 5:16 p.m., 5:23 p.m., 5:48 p.m., 6:09 p.m., 6:20 p.m., 7:33 p.m., 7:49 p.m., 8:09 p.m. and 8:41 p.m.

19. On May 29, 2009, Defendant, NCO, by and through its agents, called Plaintiffs' telephone 15 times as follows: 8:16 a.m., 8:41 a.m., 8:58 a.m., 10:04 a.m., 10:13 a.m., 10:19 a.m., 10:20 a.m., 10:51 a.m., 11:33 a.m., 11:51 a.m. 12:53 p.m., 1:38 p.m., 2:38 p.m., 6:54 p.m. and 7:04 p.m.

20. On or about May 28, 2009, Plaintiffs contacted the undersigned counsel, who agreed to file suit against Defendants on behalf of Plaintiffs.

21. On or about May 29, 2009, Plaintiff, Rebecca Guthre spoke to Defendant, NCO's supervisor, Haad Ammerett and indicated that she had obtained an attorney. Mrs. Guthre provided Mr. Ammerett with the name and telephone number of the undersigned.

22. Defendant, NCO, by and through its agents, continued to call Plaintiffs on a daily basis, multiple times per day and have never attempted to contact the Plaintiffs attorney.

23. In or around mid June 2009, Defendant, NCO discontinued calling Plaintiffs but continued to call Plaintiff, Rebecca Guthre's parents.

24. On or about July 3, 2009, Plaintiff, Rebecca Guthre was informed by a second brother, James Snook, that Defendant, NCO had contacted him with regard to the alleged debt and that the call was in reference to a financial matter. Defendant, NCO's agent indicated to James Snook that Defendant, NCO was a debt collector.

25. Plaintiffs were embarrassed and humiliated by Defendants behavior.

26. On or about July 8, 2009, Plaintiff, Rebecca Guthre called Defendant, NCO and once again expressed great emotional distress that despite the fact that Defendants knew how to reach Plaintiffs and, in fact had done so on numerous occasions, Defendant, NCO continued to call and harass her family.

27. In light of paragraphs 7-25 above, Defendant, NCO violated the FDCPA when they contacted third parties for reasons other than to confirm or correct location of the Plaintiffs. Additionally, Defendant's agents stated to those other than the Plaintiffs that the Plaintiffs owed a debt.

28. In light of paragraphs 13-25 above, Defendant, Capital One violated the FCEUA and UTPCPL when, after acknowledging the violations of the FDCPA committed by Defendant, NCO, they negligently failed comply with Plaintiffs wishes that all further illegal activity cease even after promising to do just that.

29. Additionally, Defendants, NCO and Capital One violated Plaintiffs right of privacy by impermissibly circulating Plaintiffs' name, information and financial issues to third parties, thereby subjecting Plaintiff to ridicule and diminishing their reputation among others.

30. The Defendants acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

31. The Defendants acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff, communicated with persons other than Plaintiffs that Plaintiffs owe a debt and made such communications on multiple occasions.

32. The Defendants knew or should have known that their actions violated the FDCPA, FCEUA and PA UTPCPL. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the foregoing and subsequent statutes, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

33. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

34. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

35. As a result of Defendants' conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiffs' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT ONE – FDCPA
### (Plaintiffs v. NCO)

36. The above paragraphs are hereby incorporated herein by reference.

37. At all times relevant hereto, Defendant, NCO was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

38. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692b(1), b(2), b(3), b(6), c(a)(1), d, d(5), d(6), e, e(10), e(11) and f.

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the Defendant, NCO Financial Systems, Inc., for the following:

    a.    Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

    b.    Actual damages;

    c.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    d.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e.  Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT TWO – FCEUA
### (Plaintiffs v. NCO & Capital One)

39. Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

40. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendants are debt collectors and /or creditors pursuant to the FCEUA.

41. The alleged debt Defendants were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

42. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

43. The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

44. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

45. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

46. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT THREE – PA UTPCPL
### (Plaintiffs v. NCO & Capital One)

47. The foregoing paragraphs are incorporated herein by reference.

48. Plaintiffs and Defendants are "Persons" to 73 Pa. C.S § 201-2.

49. The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

30. The action of Defendants, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, <u>inter alia</u>:

     a.     Defendants misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

     b.     Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

     c.     Defendants failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

50.     As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

51.     By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

     a.     An Order declaring that Defendant violated the UTPCPL;

     b.     Actual damages;

     c.     Treble damages;

     d.     An award of reasonable attorney's fees and expenses and cost of suit; and

     e.     Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT FOUR – NEGLIGENCE
### (Plaintiffs v. Capital One)

52. Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

53. Defendant, Capital One was negligent in that it failed to bring Defendant, NCO's actions, which were on behalf of Capital One, within compliance of State and Federal Laws after being notified of NCO's conduct mentioned above.

54. Defendant, Capital One was additionally negligent in that, although it promised to curtail the illegal actions of it's collecting entity, Defendant, NCO, it subsequently failed to do so.

55. As a result of Defendant, Capital One's above mentioned conduct, Plaintiffs sustained and continues to sustain the losses and damages set forth herein.

56. The conduct of Defendant, Capital One was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant, Capital One is liable to compensate the Plaintiffs for the full amount of actual and compensatory damages, as well as such further relief, as may be permitted by law.

## COUNT FIVE – INVASION OF PRIVACY/FALSE LIGHT
### (Plaintiffs v. NCO & Capital One)

57. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

58. Defendants above actions violated Plaintiffs' right of privacy by impermissibly revealing to others Plaintiffs' most private information and placing the Plaintiffs in a false light before the eyes of other, including but not limited to family, friends and the general public.

59. By such unauthorized invasion and circulation of Plaintiffs' name, information and financial issues, Defendants invaded Plaintiffs' right to privacy, subjected Plaintiffs to ridicule and contempt, injured Plaintiffs' personal esteem, reflected disgracefully on Plaintiffs' character, diminished Plaintiffs' high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiffs' peace of mind and caused Plaintiffs severe mental and emotional distress.

60. The conduct of Defendants was the direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiffs that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiffs for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: July 10, 2009           BY:      **/s/ Brent F. Vullings**
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff